UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:18CR525** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **BRANDON SHERIDAN,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Brandon Sheridan's Motion to Reopen Detention

Proceedings and Permit Temporary Release.  (Doc. 70).  For the following reasons, the Court

**DENIES** Defendant's Motion.

## I. BACKGROUND

On September 11, 2018, a Grand Jury indicted Defendant with one count of Possession

with the Intent to Distribute Methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(A); and one count of Possession of Firearms in Furtherance of a Drug Trafficking Crime,

a violation of 18 U.S.C. § 924(c).  (Doc. 8).  Before the Indictment, the Magistrate Judge ordered

Defendant detained.  (Doc. 7).  Defendant appealed the Magistrate Judge's determination to this

Court, which the Court denied.  (Doc. 38).  In doing so, the Court found that "there is 'clear and

convincing evidence' that no condition or combination of conditions will reasonably assure the

appearance of Defendants as required and the safety of other persons and the community."  (*Id.*

at PageID: 241).

- 1 -

On May 5, 2020, Defendant filed his Motion asking the Court to reconsider its pretrial detention decision.  (Doc. 70).  The Government responded on May 21, 2020 in opposition. (Doc. 71).

## II. LAW & ANALYSIS

Defendant argues that the "current COVID-19 pandemic presents 'a change of circumstances' why [Defendant's] detention is no longer appropriate".  (Doc. 70, PageID: 368). A district court *may* reopen a detention hearing based on changed circumstances.  18 U.S.C. § 3142(f)(2)(B).  However, the new information must 1) have been unknown to the movant at the time of the hearing; and 2) have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community."  *United States v. Watson*, 475 Fed. App'x 598, 600 (citing § 3142(f)(2)(B)).  "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community."  *Id.*

Defendant claims "the COVID-19 Pandemic is such a severe and unanticipated change in circumstance that a reconsideration of [Defendant's] detention is warranted."  (Doc. 70, PageID: 370).  Defendant then cites various news articles detailing the severity of the virus.  If released, Defendant intends to reside in Alabama under house arrest with GPS monitoring.  (*Id.* at PageID: 378).

The only changed circumstance that Defendant cites since the Court denied his request to revoke his pretrial detention is COVID-19.  The Court understands the general risks that COVID-19 presents to certain populations, including those in jails and prisons.  But courts throughout the country "have held that these risks, without more, do not amount to a 'material

change of circumstances warranting a renewed evaluation of [a] prior detention order.'" *United States v. Tawfik*, 2020 WL 1672655, at *2 (E.D. Mich. Apr. 6, 2020) (citing cases finding same). The existence of COVID-19 in our country has no impact on Defendant's flight risk or danger to the community.  Defendant does not address either.  In fact, his proposed resolution is to flee the Court's jurisdiction and remain in Alabama.  Defendant's instant offense involves a large quantity of narcotics and firearms.  As the Court previously found, the number of firearms, ammunition and protective gear found at Defendant's residence could equip a small police force. (Doc. 38, PageID: 240).  Moreover, a handful of the firearms and body armor had been stolen. In conclusory fashion, Defendant claims he "poses no risk of flight or danger to the community." (Doc. 70, PageID: 368).  But he neglects to elaborate on this statement.  Therefore, the Court's previous finding of dangerousness remains true today, despite the presence of COVID-19.

Moreover, Defendant has not demonstrated any impact of COVID-19 on him beyond speculation.  He does not allege that he has been exposed to the virus.  And he fails to elaborate on any medical condition that makes him an "at-risk" person should he contract of the virus.  As of now, prison officials and Federal authorities are taking the proper precautions to limit the spread of the virus.[1]  (*See* Doc. 71, PageID: 382-86).  Defendant speculates that his facility will become the next hotspot for the virus.  But the Court will not release Defendant on such speculation, especially since he remains a danger to the community and a flight risk.

---

[1] As of May 27, 2020, Northeast Ohio Correctional Center—the facility where Defendant is currently detained—has reported that no inmates have contracted COVID-19.  (https://coronavirus.ohio.gov/static/reports/DRCCOVID-19Information.pdf) (last accessed May 28, 2020).  The institution is in lockdown and five inmates are awaiting test results.  Furthermore, the facility reports that twelve staff members have tested positive for the virus and one has made a complete recovery.

Accordingly, since the new information of COVID-19 neither reasonably assures Defendant's appearance at trial nor the safety of others in the community, the Court declines to reopen the detention hearing and maintains Defendant's detention.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc.70) is **DENIED**.

**IT IS SO ORDERED.**

       s/ Christopher A. Boyko
       **CHRISTOPHER A. BOYKO**
       **Senior United States District Judge**

**Dated: May 28, 2020**