# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:18CR525 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| BRANDON SHERIDAN & | ) | OPINION AND ORDER |
| JUSTIN MARTIN, | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court are Defendants Sheridan and Martin's Motions for Bond. (Docs. 82 & 83). This is Defendant Sheridan's third attempt and Defendant Martin's second attempt for pretrial release. For the reasons stated in the prior Orders and the reasons that follow, the Court **DENIES** both Motions. (Docs. 82 & 83).

## I. BACKGROUND

On September 11, 2018, a Grand Jury indicted Defendants with charges relating to the unlawful possession of narcotics and use of firearms. Before the Indictment, the Magistrate Judge detained Defendants. (Doc. 7). Both Defendants appealed the Magistrate Judge's decision, which the Court denied. (Doc. 38). In doing so, the Court found that "there is 'clear and convincing evidence' that no condition or combination of conditions will reasonably assure the appearance of Defendants as required and the safety of other persons and the community." (*Id.* at PageID: 241).

On May 5, 2020, Defendant Sheridan asked the Court to reconsider its pretrial detention decision because of the COVID-19 pandemic. (Doc. 70). The Court denied Sheridan's request because the new information of COVID-19 neither reasonably assured Defendant's appearance at trial nor the safety of others in the community. (Doc. 72, PageID: 392).

Sheridan now asks for pretrial release because "he has completed a litany of programs and rehabilitative courses while detained for the past two years." (Doc. 82, PageID: 425). The Government opposes the request. (Doc. 85).

For his part, Defendant Martin asks the Court for pretrial release due to the COVID-19 pandemic, (Doc. 83), a circumstance the Court previously considered in relation to his co-defendant. The Government has not responded to Martin's request.

## II. LAW & ANALYSIS

**A.     Standard of Review**

Both Defendants argue that changed circumstances justify their requests for pretrial release. A district court *may* reopen a detention hearing based on changed circumstances. 18 U.S.C. § 3142(f)(2)(B). However, the new information must 1) have been unknown to the movant at the time of the hearing; and 2) have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *United States v. Watson*, 475 Fed. App'x 598, 600 (6th Cir. Apr. 13, 2012) (citing § 3142(f)(2)(B)). "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Id.*

**B.     Defendant Sheridan**

Sheridan claims "[h]is change of circumstances is that he has completed a litany of programs and rehabilitative courses while detained for the past two years." (Doc. 82, PageID: 425). Considering this development, he asks for the Court to release him to his home pending trial under whatever condition that the Court deems necessary. (*Id.*).

While commendable, the fact that Sheridan completed rehabilitation programs while detained is not a valid justification for the reopening of his detention proceedings. The 'litany' of programs he has completed (three) do not even equal the 'arsenal' of firearms he's alleged to have possessed (fourteen), some of which were stolen.

It is good that Sheridan is making productive use of his detention. But this expected behavior does not negate the Court's concern for the public or Sheridan's risk of flight. Even after considering Sheridan's participation in prison-programming, the Court still finds that he remains a danger to the community under 18 U.S.C. § 3142(g). (*See also*, Doc. 38, PageID: 236-40).

**C.     Defendant Martin**

Martin claims "the recent circumstances of the Covid-19 virus and the precarious health conditions inmates are presented with" justifies his pretrial release. (Doc. 83, PageID: 432). He asks the Court to impose any condition or combination of conditions to assure his appearance at trial and the safety of the community. (*Id.*).

As the Court previously found with respect to his co-defendant, "the new information of COVID-19 neither reasonably assures Defendant's appearance at trial nor the safety of others in the community[.]" (Doc. 72, PageID: 392). The Court certainly appreciates Martin's concerns about COVID-19. But risks from COVID-19, without more, "do not amount to a 'material

change of circumstances warranting a renewed evaluation of [a] prior detention order.'" *United States v. Tawfik*, 2020 WL 1672655, at *2 (E.D. Mich. Apr. 6, 2020) (citing cases finding same).

Martin has not introduced 'more' evidence beyond COVID-19.  He has not indicated any medical concern.  Nor does he dispute the Court's prior determination of dangerousness.  (Doc. 38, PageID: 236-40).  Accordingly, the presence of COVID-19 by itself does not constitute a change of circumstances that warrants a reopening of Martin's detention proceedings.

### III. CONCLUSION

For the foregoing reasons, neither Defendant has presented changed circumstances to warrant a reopening of their detention proceeding.  Both defendants present a danger to the community and a flight risk.  Accordingly, the Court **DENIES** both Motions.  (Docs. 82 & 83).

**IT IS SO ORDERED.**

                                             s/ Christopher A. Boyko
                                            **CHRISTOPHER A. BOYKO**
                                            **Senior United States District Judge**

**Dated: December 18, 2020**